UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHLA RABINOWITZ, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                    Defendant. | Case No.  14-cv-00801-JCS<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 43 |

## I.    INTRODUCTION

This is a putative class action alleging improper marketing by Defendant Samsung Electronics America, Inc ("Samsung").  Plaintiffs are four individuals who allege that they were misled by Samsung's marketing differentiation between "LCD TVs" and "LED TVs," when both categories of televisions used liquid crystal display ("LCD") technology.  Plaintiff Shahla Rabinowitz lives in San Diego, California, and the remaining Plaintiffs live in Florida, Massachusetts, and Michigan.  Samsung, a New York corporation with its headquarters in Ridgefield Park, New Jersey, now moves to transfer venue to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  The Court held a hearing on Samsung's Motion on October 10, 2014.  For the reasons stated below, the Motion is GRANTED.[1]

## II.    BACKGROUND

### A.    The First Amended Complaint

Plaintiffs filed their First Amended Complaint ("FAC") on June 16, 2014, alleging that "Samsung has perpetrated a massive consumer fraud upon thousands of unsuspecting purchasers."  FAC (Dkt. 34) ¶ 6.  Specifically, Plaintiffs allege that Samsung's marketing of televisions

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

distinguished between "LCD TVs" and "LED TVs" when both sets of televisions used the same liquid crystal display technology, and the only difference was the method of lighting the screen. *Id.* ¶¶ 47, 50.  Plaintiffs allege that Samsung sold its so-called "LED TVs" at premium prices, even though televisions with LCD displays lit by cold cathode fluorescent lights ("CCFLs")—which Samsung marketed at lower prices as "LCD TVs"—can offer performance similar to or better than televisions with LCD displays lit by light emitting diodes ("LEDs")—which Samsung marketed at higher prices as "LED TVs." *Id.* ¶¶ 60−61.  Plaintiffs contend that the term "LED TV" should properly refer to televisions with LED displays, a newer technology available only at exorbitant prices, not to televisions with LCD displays lit by LEDs, which is how Samsung used the term. *Id.* ¶¶ 56−58.

Each Plaintiff alleges that he or she purchased one of "Samsung's 'LED TV' model[s], even though it was priced higher than comparable model 'LCD TVs' offered for sale, because of Samsung's marketing assertions on the carton containing the television that it was an 'LED TV' as opposed to an 'LCD TV.'" *Id.* ¶¶ 7−10.

Plaintiffs seek to represent a nationwide class of customers who purchased Samsung's so-called LED TVs. *Id.* ¶ 65.  The FAC alleges that New Jersey's Consumer Fraud Act should apply to the nationwide class based on factors including "Samsung's decision to reside in New Jersey and avail itself of New Jersey's laws," *id.* ¶ 81, "New Jersey['s] inten[t] for its Consumer Fraud Act ('CFA') 'to be one of the strongest consumer protection laws in the nation,'" *id.* ¶ 82 (citation omitted), and "New Jersey law's purpose of 'counteract[ing] the community scourge of fraud' where New Jersey based companies doing business nationwide are concerned," *id.* ¶ 83.  *See generally id.* ¶¶ 80−88.  "Alternatively or in addition," each Plaintiff also seeks to represent a subclass of purchasers in his or her home state, each based on the laws of that state.  *Id.* ¶¶ 66−69, 95−143.  The state-specific claims include causes of action under California's Unfair Competition Law, False Advertising Law, and Consumers Legal Remedy Act, *id.* ¶¶ 95−114, as well as claims under the laws of Florida, Massachusetts, and Michigan, *id.* ¶¶ 115−43.

**B.    Samsung's Motion**

Samsung filed its Motion to Transfer Venue on July 24, 2014, seeking transfer to the

2

District of New Jersey. Samsung argues that transfer is appropriate because "Plaintiffs do not have any contacts with" the Northern District of California, three of the four Plaintiffs live closer to New Jersey than to California, all of Samsung's witnesses and relevant documents are located in New Jersey, Samsung's relevant marketing decisions were made in New Jersey, New Jersey "has a substantial interest in resolving a consumer products dispute relating to a company headquartered within its borders," and Plaintiffs seek to apply New Jersey's consumer protection law to a nationwide class, among other reasons. *See* Mot. at 2−3. Samsung acknowledges that a plaintiff's choice of forum is usually entitled to significant weight, but contends that such deference is not appropriate where a plaintiff does not reside in their chosen forum and seeks to represent a nationwide class. *Id.* at 6−7.

Opposing the Motion, Plaintiffs rely primarily on the deference to which their choice of forum is entitled, and argue that Samsung has failed to make the "'strong showing of inconvenience'" necessary to warrant transfer. Opp'n at 1 (quoting *Gherebi v. Bush*, 352 F.3d 1278, 1302−03 (9th Cir. 2003), *vacated*, 542 U.S. 952 (2004)). Plaintiffs also question Samsung's sincerity in touting New Jersey's interest in hearing the case when Samsung is not willing to stipulate to applying New Jersey law to a nationwide class, and argue that the Northern District of California is the appropriate venue because California choice-of-law rules must be applied whether or not the case is transferred. *Id.* at 10−13. Plaintiffs contend that Samsung overstates its burden of litigating in this district, and that there may be witnesses located outside of New Jersey, such as a Samsung vice president based in Washington, D.C., and employees of Samsung's parent company in South Korea. *Id.* at 15−18. Much of Plaintiff's Opposition is based on the argument that several groups of non-party witnesses either have not yet been specifically identified or are located throughout the United States, and thus do not weigh in favor of transfer to New Jersey.

## III.    ANALYSIS

### A.    Legal Standard

A case may be transferred "[f]or the convenience of parties and witnesses, in the interests of justice," to "any other district or division where it might have been brought[.]" 28 U.S.C. §1404(a). There are two prongs to this analysis. First, the transferee district must be a district

3

where the case could have originally been filed, meaning the court has jurisdiction and venue is proper. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711 (MHP), 2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003). The moving party bears the burden to prove this first step. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). If the first prong is satisfied, the court decides whether to grant or deny a motion to transfer, balancing "the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interests of justice." *Wireless Consumers*, 2003 WL 22387598, at *1; 28 U.S.C. § 1404(a). The factors a court may consider include:

> (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity with of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal., March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).[2] Weighing the relevant factors is a matter of "the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (citation and internal quotation marks omitted). Transfer is not appropriate under § 1404(a) where it "would merely shift rather than eliminate the inconvenience." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

"'Although great weight is generally accorded to a plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight.'" *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007) (quoting *Lou v. Belzberg*,

---

[2] The Ninth Circuit has endorsed a partially-overlapping set of considerations as "example[s]" of factors "the court may consider" in determining whether to transfer a contract case: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," as well as "the relevant public policy of the forum state, if any." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). To the extent that these factors apply to the present case, the Court addresses them within the framework of the *Royal Queentex* factors.

834 F.2d 730, 739 (9th Cir. 1987)).  A representative plaintiff's choice is "still entitled to some

deference, even though diminished." *Id.*  "Deference to a plaintiff's choice of forum is [also]

'substantially reduced' where the plaintiff does not reside in the [chosen] venue." *Bite Tech, Inc.*

*v. X2 Impact, Inc.*, No. C-12-5888 EMC, 2013 WL 871926, at *4 (N.D. Cal. Mar. 7, 2013)

(quoting *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)).  A court may

disregard the plaintiff's chosen venue entirely if it is a result of forum-shopping.  *Italian Colors*

*Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *4 (N.D. Cal. 2002) (citing

*Alltrade Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

### B.   This Case Could Have Been Filed in the District of New Jersey

This prong is satisfied because the District of New Jersey has jurisdiction to hear the case

and venue would be proper.  This case was brought under the Class Action Fairness Act, FAC ¶ 1,

which confers subject matter jurisdiction on "the district courts" generally.  28 U.S.C.

§ 1332(d)(2).  Samsung is subject to personal jurisdiction in the District of New Jersey because

Samsung regularly and continuously conducts business in the District of New Jersey—indeed,

Samsung's headquarters is in New Jersey—easily establishing the "minimum contacts" necessary

for jurisdiction.  *See Doe v. Unocal Corp.*, 214 F.3d 915, 923 (9th Cir. 2001).  Venue is

appropriate because Samsung is the only defendant, and is subject to personal jurisdiction and

maintains its principal place of business in the District of New Jersey.  28 U.S.C. §§ 1391(b)(1),

(c)(2).  Plaintiffs do not dispute that they could have brought this action in the District of New

Jersey.

### C.   Relevant Considerations Weigh in Favor of Transfer

#### 1.   Plaintiffs Chose to Bring Their Claim in This District

The first factor in the *Royal Queentex* analysis is Plaintiffs' choice of forum.  2000 WL

246599, at *2.  This factor, of course, favors denying transfer.  The question here is the weight to

which Plaintiffs' choice is entitled.

Normally, "there is a strong presumption in favor of [a] plaintiff's choice of forum." *Id.*;

*see also Lou*, 834 F.2d at 739.  But that deference decreases where the plaintiff is not a resident of

his or her chosen forum, *e.g.*, *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d

United States District Court
Northern District of California

United States District Court
Northern District of California

1  1044, 1048 (N.D. Cal. 2001), or where the plaintiff seeks to represent a nationwide class, *e.g.*,

2  *Lou*, 834 F.2d at 739.  Both of those considerations apply here.  Three of the four Plaintiffs live

3  outside of California, and although Rabinowitz is a California resident, Plaintiffs do not dispute

4  that she lives in San Diego—which is in the Southern District of California and constitutes one of

5  the farthest points in the state from the Northern District.  *See* Kim Decl. ¶ 4 (Plaintiffs' counsel

6  stated during meet-and-confer that Rabinowitz lives in San Diego); Opp'n at 7 (section titled

7  "Alleged Forum Shopping; Lack of In-District Residency").[3]  Plaintiffs also seek to represent a

8  nationwide class and/or several subclasses.  FAC ¶¶ 65–69.  Under such circumstances,

9  "Plaintiffs' choice of forum is entitled to minimal deference."  *Ward v. Fluor Enters., Inc.*, No. C

10  10-04361 SBA, 2011 WL 778720, at *3–4 (N.D. Cal. Mar. 1, 2011).

11       The weight afforded to a plaintiff's choice of forum may also be reduced where "the

12  relevant disputed acts supporting [the plaintiff's] theory of relief" occurred outside of the chosen

13  forum.  *E.g.*, *Bloom v. Express Servs. Inc.*, No. C 11-000009 CRB, 2011 WL 1481402, at *2 (N.D.

14  Cal. Apr. 19, 2011).  Here, Plaintiffs allege that purported class members throughout California

15  and the country were misled by Samsung's advertising.  *See*  FAC ¶¶ 62, 65−66, 92−93.  But they

16  do not claim that any named Plaintiff purchased a television in the Northern District of California

17  or that any other relevant acts occurred in this district, and Plaintiffs themselves allege that

18  Samsung's marketing decisions emanated from the District of New Jersey.  FAC ¶¶ 83.  This

19  consideration therefore further supports reducing the deference given to Plaintiff's choice.

20       The Court does not find that this case demonstrates forum shopping that would warrant

21  disregarding Plaintiffs' choice of forum entirely.  There is no indication that Plaintiffs have filed

22  repeated, redundant lawsuits against Samsung in such a way as to imply efforts to draw a

23  sympathetic judge or bypass an unfavorable decision.  *Cf. Italian Colors*, 2003 WL 22682482, at

24  *4.  Nor have Plaintiffs stated that they chose this forum to take advantage of favorable local rules.

25  *Cf. Marshall v. Monster Beverage Corp.*, No. 14-cv-02203-JD, 2014 WL 3870290, at *2 (N.D.

26  Cal. Aug. 6, 2014).  Instead, it appears that Plaintiffs chose this forum based on the location of

27  

28  [3] Plaintiffs' counsel also conceded at the October 10 hearing that no named Plaintiff is a resident of this district.

their San Francisco-based counsel.  Opp'n at 7.  Location of counsel is "no connection at all" for

determining appropriate venue,[4] but it is also not the sort of improper motive for which Plaintiffs

should be penalized.

The Court therefore does not wholly disregard Plaintiffs' choice of forum, but affords it

minimal deference.

### 2.  Convenience of the Parties Favors Transfer

No party to this case lives in or particularly near the Northern District of California.

Samsung is headquartered in the District of New Jersey and its departments relevant to this case

operate out of Samsung's Ridgefield, New Jersey, location.  Lavoie Decl. (Dkt. 43-1) ¶¶ 3−5.

Litigation in that district would therefore be more convenient for Samsung.

Transfer would not impermissibly shift the burden from Samsung to Plaintiffs.  *Cf. Decker

Coal*, 805 F.2d at 843.  Three of the four named Plaintiffs live closer to the District of New Jersey

than to this district.  And while Rabinowitz lives in California, she does not live in or near the

Northern District—in fact, although Plaintiff Matthias Strackbein would need to cross multiple

state lines to travel from Massachusetts to New Jersey, he nevertheless lives closer to the District

of New Jersey than Rabinowitz lives to this Court.  The only apparent convenience to Plaintiffs of

litigating in this district derives from the location of one office of Plaintiffs' counsel, and it is well

settled in this district that the location of counsel does not factor into whether a case should be

transferred under § 1404(a).  *See LightMed*, 2013 WL 6512720 at *2; *Wilson*, 2011 WL 4345079,

at *5 (collecting authority).

Because transfer would promote convenience for Samsung and pose no cognizable

inconvenience to Plaintiffs, this factor supports transfer.

---

[4] *LightMed Corp. v. Ellex Medical Pty. Ltd.*, No. 13-cv-03933-WHO, 2013 WL 6512720 at *2 (N.D. Cal. Dec. 12, 2013); *see also Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011) (collecting extensive authority from within this district that "the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer" (citation omitted)).  Because the Court finds that the location of counsel is irrelevant, it need not address whether judicial notice of Plaintiffs' counsel's website is appropriate to identify the locations of counsel's offices.  *See* Def.'s Request for Judicial Notice (Dkt. 44).

United States District Court
Northern District of California

### 3. Convenience of Witnesses Favors Transfer

In their initial disclosures, each party identified witnesses with knowledge relevant to this case.  As for party witnesses, Samsung identified two of its employees who are based in New Jersey.[5]  Kim Decl. Ex. A (Dkt. 43-3) at 2.  It also identified certain groups, also based in New Jersey, with responsibilities related to marketing so-called "LED TVs."  Lavoie Decl.  ¶¶ 5−8.  Plaintiffs identified the four representative Plaintiffs, none of whom live in the Northern District of California and three of whom live closer to the District of New Jersey.  *Id.* Ex. B (Dkt. 43-4) at 1−2.  Plaintiffs suggested in their opposition that a Samsung vice president based in Washington, D.C., could also be a relevant witness.  The District of Columbia is closer to the District of New Jersey than to the Northern District of California.  Transfer would therefore provide greater convenience to party witnesses on both sides than retaining the case in this district.[6]

Courts have recognized that convenience to non-party witnesses is of particular importance.  *See Jones*, 211 F.3d at 499.  Neither party has identified any specific non-party witnesses who are expected to testify.  Plaintiffs' initial disclosures listed "present and former representatives of Samsung," and "Samsung's advertising agencies and marketing consultants."  Kim Decl. Ex. B at 2.  Samsung's venue witness declared that Samsung's present and former employees who work or worked in relevant positions have at all relevant times been based in New Jersey.  Lavoie Decl. (Dkt. 43-1) ¶ 5.  In response to an interrogatory, Samsung identified certain former employees with relevant responsibilities, but stated that it does not know their current addresses.  Kaiser Decl. Ex. G at 8; Kim Supp'l Decl. Ex. C at 8.  With no evidence to the contrary, it is reasonable to infer that former employees likely remain in the vicinity.  At Plaintiffs' request, Samsung has provided evidence that most of its major outside marketing and advertising

---

[5] Contrary to Plaintiffs' argument that Samsung has failed to explain the relevance of and inconvenience to these witnesses, Opp'n at 14, Samsung indicated in its initial disclosures that John Lavoie is knowledgeable about Samsung's use of the term "LED TVs" and marketing of TVs so labeled, and Dan Schinasi is knowledgeable about the features of such televisions.  Kim Decl. Ex. A at 2; *see also* Lavoie Decl. ¶¶ 1−2.  Samsung reasonably argues that travel from New Jersey to San Francisco for trial would be disruptive and inconvenient to these witnesses.  Mot. at 10.
[6] Plaintiffs argue in their Opposition that "party witnesses are at the beck and call of their employers and . . . will go where they are needed."  Opp'n at 14.  This may well be true, but does not mean that such travel is convenient for the employees involved or irrelevant to the Court's analysis.

United States District Court
Northern District of California

1   consultants that might be expected to have knowledge of how Samsung marketed so-called "LED

2   TVs" are located in or near New Jersey.  Lavoie Decl. ¶ 7; Kaiser Decl. Ex. G at 4−5.  Samsung

3   also identified specific individuals at some of these firms who live or work in New Jersey or New

4   York City.  Kaiser Decl. Ex. I at 3; Kim Supp'l Decl. Ex. A at 19−20.  One marketing firm is

5   located in California, but none are located in the Northern District of California.  Kaiser Decl. Ex.

6   G at 5; *see also* Lavoie Decl. ¶ 7.

7        In response, Plaintiffs argue that distributors who may be called to testify are located

8   throughout the country, including in California.  Opp'n at 20.  But if such witnesses are available

9   nationwide, it is no more convenient to litigate in this forum as compared to any other.[7]  Plaintiffs

10   similarly point to other television manufacturers and members of the Consumer Electronics

11   Association, without any indication that this district would be closer to or more convenient for

12   such witnesses than the District of New Jersey.[8]  *See* Opp'n at 18.  Plaintiffs also argue that

13   employees of Samsung's Korean parent company may be relevant witnesses, as well as call center

14   representatives in multiple foreign countries.  Opp'n at 18, 20.  But even assuming that any of

15   these international witnesses would have relevant information, it is probably not significantly

16   more convenient for them to testify in one district versus another.  *See Finjan, Inc. v. Sophos Inc.*,

17   No. 14-cv-01197-WHO, 2014 WL 2854490, at *5 (N.D. Cal. June 20, 2014) ("[T]he

18   inconvenience of foreign travel to Delaware or California is neutral"); *see also In re Genentech,*

19   *Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

20        As for the limits of compulsory process, Samsung has identified non-party witnesses who

21   may be relevant to the case and are subject to subpoena in the District of New Jersey.  Kim Supp'l

22   Decl. Ex. A at 16−17 (former Samsung employee located in New Jersey), 19−20 (outside

23   marketing agent located in New Jersey); *see* Fed. R. Civ. P. 45(c) (attendance may be compelled

---

[7] Plaintiffs of course do not have the burden of showing that this is the optimal venue, but have offered nothing to counter Samsung's evidence that New Jersey would be more convenient.

[8] Samsung objects on evidentiary grounds to a number of exhibits to Plaintiffs' counsel's declaration that relate to the Consumer Electronics Association.  The Court need not address these objections, because these exhibits do not present any basis to keep the case in the Northern District of California.  *See* Kaiser Decl. Exs. A−C; Request to Strike and Evidentiary Objections (Dkt. 52-8).  Samsung's objections are overruled as moot, without prejudice to any objections Samsung may wish to bring if Plaintiffs seek to use these exhibits again in the future.

United States District Court
Northern District of California

1  "within 100 miles of where the [witness] resides, is employed, or regularly transacts business in

2  person," or in some circumstances anywhere in the witness's home state).  Plaintiffs have not

3  identified any specific potential non-party witnesses in this district.  Even if employees of

4  Samsung's marketing consultants in Southern California are found to have relevant knowledge,

5  this Court's ability to compel their attendance may be limited because they are likely located more

6  than 100 miles from the Court.

7       Based on the location of expected witnesses, transfer to the District of New Jersey would

8  be more convenient for both party and non-party witnesses.  This factor supports transfer.

### 4.  Ease of Access to Evidence Marginally Supports Transfer

10       The parties' initial disclosures indicate that the evidence in this case—other than witness

11  testimony—will likely consist of documents, advertisements, and packaging.  *See* Kim Decl. Ex.

12  A (Dkt. 43-3) at 1; *id.* Ex. B (Dkt. 43-4) at 2−3; *see also* Lavoie Decl. (Dkt. 43-1) ¶ 16.  All

13  relevant evidence in Samsung's possession is located within or accessible from the District of

14  New Jersey.  Lavoie Decl. ¶ 17.  Packaging is located throughout the United States in the

15  possession of retailers selling Samsung televisions.  *Id.*  Plaintiffs have not identified any other

16  evidence outside of New Jersey, much less any evidence located in this district.  The location of

17  evidence, to the extent that it is a factor, therefore favors transfer.

18       All such evidence, however, likely exists or could be made available in electronic form,

19  which largely negates any burden of transporting the evidence from one forum to another.  The

20  only exception might be packaging, but that is available throughout the country.  Neither party has

21  identified any third-party evidence that would require compulsory process.  Thus, although

22  production of evidence may be marginally more convenient in the District of New Jersey than

23  here, this factor carries very little weight.

### 5.  Familiarity with the Applicable Law Is Neutral

25       The parties dispute which court is better suited to apply the applicable law.  Samsung

26  argues that the District of New Jersey is more familiar with the New Jersey consumer protection

27  law that Plaintiffs seek to apply to their nationwide class.  Mot. at 13−14; *see* FAC ¶¶ 78−94.

28  Plaintiffs argue that this Court is more familiar with California's choice-of-law principles as well

United States District Court
Northern District of California

as the California law applicable to the California subclass.  Opp'n at 10−12.[9]  Both parties are to some extent correct: based on the claims Plaintiffs have chosen to pursue, either court would need to apply some law that it may be familiar with, some law that the other court may be more familiar with, and other law applicable to the Florida, Massachusetts, and Michigan subclasses with which neither court likely has any particular expertise.  Further, a number of courts have held that "[f]ederal courts have an equal ability to address claims arising out of state law." *Bloom*, 2011 WL 1481402, at *5.  "District courts regularly apply the law of states other than the forum state," *Turrett Steel Corp. v. Manuel Int'l Inc.*, 612 F. Supp. 387, 390 (W.D. Pa. 1985), thus "this factor is to be accorded little weight . . . because federal courts are deemed capable of applying the substantive law of other states," *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 261 (E.D.N.Y. 2010) (citation and internal quotation marks omitted).

As this factor carries little weight and does not clearly favor either venue in this case, the Court finds that it is effectively neutral.

### 6.   Consolidation of Claims Is Not Relevant

Although the parties have identified four similar cases in their latest Case Management Statement, each case involves a different defendant and neither party has suggested that any claims should be consolidated.  *See* Updated Joint Case Management Statement (Dkt. 58) at 5. This factor is not applicable and does not weigh either for or against transfer.

### 7.   New Jersey's Local Interest Predominates

Samsung argues that a court and jurors in New Jersey have a substantial interest in a case seeking to apply New Jersey law to regulate the conduct of a business based in New Jersey.  *See* Mot. at 12.  New Jersey "has an interest in deciding controversies involving businesses

---

[9] Plaintiffs also argue that it is disingenuous for Samsung to cite familiarity with New Jersey law as a reason to transfer when Samsung may ultimately oppose the application of that law to a nationwide class.  Plaintiffs suggest that Samsung should be required to stipulate to certification of a class under New Jersey law if they wish to transfer.  Samsung could just as easily argue that Plaintiffs should stipulate that they will *not* seek to apply New Jersey law if they wish to remain in this district.  Neither argument is particularly compelling.  Plaintiffs have chosen to plead a nationwide claim under New Jersey law, as is their right.  Having done so, their argument that the Court should disregard the significance of that claim because it ultimately may or may not succeed is not persuasive.

headquartered there, and that employ a substantial number of its citizens." *See Bloom*, 2011 WL 1481402, at *5 (holding that this interest favored transfer to the Western District of Oklahoma even on a claim brought to enforce the judgment of a California state court). Plaintiffs themselves emphasize this local interest in their First Amended Complaint, albeit in the context of applying New Jersey law rather than for venue:

> New Jersey's [consumer protection] laws have other purposes—namely, regulation of conduct of New Jersey-based businesses—and those purposes would be uniquely frustrated if New Jersey law were not applied to regulate the conduct of Samsung, a New Jersey-based business. . . . Any attempt to limit application of New Jersey law only to New Jersey consumers would undermine New Jersey law's purpose of 'counteract[ing] the community scourge of fraud' where New Jersey-based companies doing business nationwide are concerned. Accordingly, New Jersey's interest in having its [consumer protection law] apply would be most impaired were it not applied to govern Samsung's conduct with respect to the Nationwide class.

FAC ¶ 83 (quoting *Real v. Radir Wheels, Inc.*, 198 N.J. 511, 520−21 (2009) (alteration to internal quotation in original)). Plaintiffs do not explain how New Jersey's interest "would be *most* impaired" if its law does not apply, *see id.* (emphasis added), yet does not predominate when it comes to venue.

Plaintiffs contend that this case should remain in the Northern District of California because the "proposed class members purchased the televisions at issue throughout the United States," and "every district, and jurors from every district, have a stake in its outcome." Opp'n at 13. But that is no reason to keep the case here as opposed to any other district, and the cases that Plaintiffs cite in support are inapposite. In *Rafton v. Rydex Series Funds*, a lead plaintiff resided in the Northern District and "received the relevant materials and purchased his shares here," and one of the defendants "operate[d] an office in the Northern District." *Rafton v. Rydex Series Funds*, No. C 10-1171 CRB, 2010 WL 2629579, at *2 (N.D. Cal. June 29, 2010). In declining to transfer that case, Judge Breyer specifically distinguished cases where, as here, "the named Plaintiff was *not* a resident of the district in which the case was filed." *Id.* at *3. In *Sonoda v. Amerisave Mortgage Corp.*, one of the named plaintiffs lived in the Northern District of California, and the plaintiffs were not seeking to apply the destination state's consumer protection statute to a

nationwide class.  *See Sonoda v. Amerisave Mortg. Corp.*, No. C-11-1803 EMC, 2011 WL 2653565, at *1−2, *4 (N.D. Cal. July 6, 2011).

California has some interest in applying its consumer protection laws to the California subclass, but that interest is no greater than New Jersey's interest in applying its own law to New Jersey residents and the purported nationwide class.  Taking into account New Jersey's interest in regulating the conduct of a business based in that state and district, under New Jersey's consumer protection law, the local interests of the District of New Jersey predominate.  This factor therefore favors transfer.

### 8.  Court Congestion Is Neutral

Samsung requests judicial notice of statistics prepared by the Administrative Office of the Courts regarding the time to disposition of civil cases in the various district courts.  Table C-5: U.S. District Courts— Median Time Intervals From Filing to Disposition of Civil Cases (Dkt. 44-2).[10]  Judicial notice is appropriate as a matter of public record not reasonably in dispute.  The statistics show that the overall number of cases and time to disposition in the Northern District of California and the District of New Jersey are comparable.  *Id.*  Samsung does not argue that this factor favors transfer, Mot. at 14 n.5, and Plaintiffs do not argue that it favors denial of transfer, *see generally* Opp'n.  This factor is neutral.

### 9.  The Circumstances as a Whole Favor Transfer

In sum, four of the eight *Queentex* factors weigh in favor of transfer: convenience of the parties, convenience of witnesses, access to evidence (a weak factor), and local interests.  Only Plaintiffs' choice of forum favors denial, and that is entitled to minimal deference under the circumstances of this case.  The remaining three factors are neutral.

Courts applying this sort of multi-factor test should not let the factors blind them to the overarching question at issue.  "The factors should not be rigidly weighed; we do not count beans."  *Dreamworks Production Group, Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998)

---

[10] *Available at*
http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2013/tables/C05Mar13.pdf.

United States District Court
Northern District of California

1    (considering an eight-factor test for likelihood of confusion in trademark infringement).  Here, the

2    Court looks to "the convenience of parties and witnesses [and] the interest of justice," 28 U.S.C.

3    § 1404(a), and "a fundamental principle underpinning the § 1404(a) analysis is that litigation

4    should proceed 'in that place where the case finds its center of gravity.'"  *McCormack v. Safeway*

5    *Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965, at *4 (N.D. Cal. Nov. 28, 2012) (quoting

6    *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998)).

7        This case has two primary components: (1) Samsung's conduct and decisions in marketing

8    its products, which based on Plaintiffs' allegations and Samsung's evidence emanated from New

9    Jersey; and (2) the priorities, influences, and understandings that led consumers to purchase

10   Samsung televisions, which occurred throughout the country with no emphasis on any particular

11   district.  With the former centered squarely on Ridgefield, New Jersey and the latter evenly

12   distributed, the center of gravity for this case lies in the District of New Jersey.  That Plaintiffs

13   seek to apply New Jersey law to their nationwide class further supports this conclusion.

14       The cases that Plaintiffs have cited where courts denied motions to transfer are

15   distinguishable, many because they involved at least one named plaintiff residing in the district

16   where the case was filed.  *See, e.g.*, *Sonado v. Amerisave Mortg. Corp.*, No. C-11-1803 EMC,

17   2011 WL 2653565, at *4 (N.D. Cal. July 6, 2011); *Van Slyke*, 503 F. Supp. 2d at 1356.[11]

18   Plaintiffs cite one case in a footnote as analogous because it involves "out of district plaintiffs;

19   nationwide class allegations; transfer *to district where defendant's marketing practices emanated*

20   denied."  Opp'n at 8 (citing *Bias v. Wells Fargo & Co.*, No. 12-CV-644 YGR, 2012 WL 2906664

21   (N.D. Cal. July 13, 2012) (emphasis added).  But Plaintiffs' description of that case is misleading:

22   in *Bias*, Judge Gonzalez Rodgers specifically noted that the source of the defendant's alleged

23   malfeasance was disputed.  *See* 2012 WL 2906664, at *5 ("Plaintiffs argue that they have alleged

24   illegal corporate practices and schemes and a RICO enterprise among the corporations which

25   originated in this district.").  She went on to find that what the defendant claimed occurred in the

26   _____

27   [11] In another case on which Plaintiffs rely, the order that Plaintiffs cite does not indicate where in
     California the plaintiff lived, but the complaint states that she resided in Contra Costa County,
28   which is located in the Northern District.  *See* Compl. ¶ 8, *McClendon v. Sensa Prods., LLC*, No.
     4:11-cv-01650-YGR (N.D. Cal. Apr. 5, 2011).

1    district to which they sought transfer was "tangential to the real gravamen of the allegations." *Id.*

2    That is a fairly significant difference from this case, where Plaintiffs themselves allege in their

3    Complaint that "Samsung's deceptive marketing and advertising campaign originated out of its

4    principal place of business in New Jersey." FAC ¶ 11.

5    The case most analogous to this is Judge Tigar's recent decision in *Pierce-Nunes v.*

6    *Toshiba America Information Systems, Inc.*, based on a very similar claim against another

7    manufacturer of so-called "LED TVs" and brought by the same law firms representing Plaintiffs in

8    this case. *See generally Pierce-Nunes v. Toshiba Am. Info. Sys., Inc.*, No. 14-cv-00796-JST, 2014

9    WL 4674666 (N.D. Cal. Sept. 15, 2014). Judge Tigar transferred that case to the Central District

10    of California based on considerations including: (1) the plaintiffs' complaint alleged that the

11    defendant's "deceptive marketing and advertising practices described herein originated" in the

12    Central District; (2) the defendant submitted testimony that most employees with relevant

13    knowledge lived in the Central District; (3) the plaintiffs' only argument regarding witnesses in

14    the Northern District pertained to unidentified retailers and customers located throughout the

15    country; and (4) the Central District had a significant interest in an "action [that] involves a

16    business that is headquartered in that district and employs residents of that district." *Id.* at *4–7.

17    *Pierce-Nunes* is not equivalent to this case in every way: it did not involve a California

18    subclass, and the fact that the transferee district was also in California negated any question of

19    familiarity with California's choice-of-law test. *See id.* at *3, *6. This Court nevertheless finds

20    that as in *Pierce-Nunes*, "the vast majority of the relevant documents and material witnesses are

21    located in" the district proposed for transfer, and "there are no facts in the record showing that this

22    action has any meaningful connection to this district or that Plaintiffs would be inconvenienced by

23    litigating in" that district. *See id.* at *6. Under such circumstances, factors of convenience and

24    interests of justice outweigh the representative, non-resident Plaintiffs' limited right to select their

25    forum of choice.

26    **IV.    CONCLUSION**

27    Plaintiffs' Opposition includes a dire warning that if transfer is granted in this case, "the

28    private and public considerations that have guided transfer analysis for decades would be

superfluous, at least in class actions, and replaced by a kind of *lex loci castra*, where transfer is automatically granted to the district where the corporate defendant is headquartered." Opp'n at 13. Plaintiffs' fears are overstated. This Order stands for the proposition that transfer may be appropriate where class action plaintiffs file in a district with no real connection to the plaintiffs or their claims, and the defendant moves to transfer to a district that is (1) closer to most of the named plaintiffs; (2) home to the defendant; (3) the location of key actions and decisions, as alleged by the plaintiffs; (4) home to or near most of the potential witnesses and evidence identified by the parties; and (5) located in the state whose law the plaintiffs seek to apply to a nationwide class. Under such circumstances, transfer is hardly radical. For the reasons stated above, Samsung's motion to transfer this case to the District of New Jersey is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: October 10, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge